Note changes made by the Court
(pp. 3, 4, 15, 16, 17,19).

1  LATHAM & WATKINS LLP
   Brook B. Roberts (SBN 214794)
2    (brook.roberts@lw.com)
   John M. Wilson (SBN 229484)
3    (john.wilson@lw.com)
   12670 High Bluff Drive
4  San Diego, CA 92130
   Telephone: (858) 523-5400
5  Facsimile: (858) 523-5450

6  LATHAM & WATKINS LLP
   Melissa Hyson Dejoie (SBN 308014)
7    (melissa.dejoie@lw.com)
   10250 Constellation Blvd, Suite 1100
8  Los Angeles, CA 90067
   Telephone: (424) 653-5500
9  Facsimile: (424) 653-5501

10 LATHAM & WATKINS LLP
   Alexander Paul Rothschild
11   (SBN 704521) (*Admitted Pro Hac Vice*)
     (alex.rothschild@lw.com)
12 200 Clarendon Street
   Boston, MA 02116
13 Telephone: (617) 948-6000
   Facsimile: (617) 948-6001

14

15 Attorneys for Plaintiffs FLUOR
   CORPORATION, FLUOR
16 ENTERPRISES, INC., MIDDLE EAST
   FLUOR

17

18           **UNITED STATES DISTRICT COURT**
19           **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20  FLUOR CORPORATION, et al. | Case No. 8:21−cv−01907−JLS−KES |
| 21          Plaintiffs, | **ORDER RE STIPULATED** |
| 22      v. | **DISCOVERY CONFIDENTIALITY** |
| 23  RESOLUTE MANAGEMENT, INC., | **ORDER** |
| 24  et al. | Assigned to: Hon.  Josephine L. Staton |
| 25          Defendants. | [Discovery Document: Referred to |
| 26  | Magistrate Judge Karen E. Scott] |

27

28

1   Plaintiffs Fluor Corporation, Fluor Enterprises, Inc., Middle East Fluor
2   (collectively, "Plaintiffs") and Defendants AIU Insurance Company, Granite State
3   Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa.,
4   The Insurance Company of the State of Pennsylvania and Resolute Management,
5   Inc. ("Defendants") (collectively, Plaintiffs and Defendants are the "Parties," and
6   each individually a "Party") anticipate producing documents and information to each
7   other that contain confidential, proprietary, or sensitive information.  The Parties are
8   willing to provide these documents to each other for inspection and review pursuant
9   to the terms and conditions set forth in this Stipulated Discovery Confidentiality
10  Order (the "Order").  The Parties' purpose in stipulating to this Order is to enable
11  the flow of discovery material and adequately protect material that is entitled to be
12  kept protected under applicable law.  By entering this Order, the Court is not
13  determining whether documents or information that contain confidential,
14  proprietary, or sensitive information are discoverable and/or admissible.  Rather, this
15  Order sets forth the procedures that the Parties shall follow with respect to the
16  potential production and use of such information in the Action, as well as, inter alia,
17  the procedures that a Party shall follow to challenge another Party's designation of
18  documents or information as protected by this Order.

19      This Order is intended to supplement the Federal Rules of Civil Procedure and
20  the Local Rules of the Central District of California.  This Order is intended to
21  promote a "just, speedy, and inexpensive determination" of this Action.  Fed. R. Civ.
22  P. 1.

23      The Court, having reviewed the agreement and stipulations of the Parties,
24  finds that good cause supports the entry of this Order, and that justice so requires.

25      Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure, it
26  is hereby ORDERED that all information, testimony, documents and other things,
27  including the substance and content thereof produced, deemed produced under the
28  provisions of this Order, or otherwise disclosed by or to any Party or non-party

(excepting the Court and its personnel) in discovery in this case shall be subject to the terms and provisions set forth below.

1. **Good Cause Statement.** This Action (as the term is defined below) is likely to involve confidential, non-public, sensitive, and/or proprietary trade secrets, business, employment, tax, financial, and personally identifiable information, documents and other materials for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, medical records, personnel records, confidential business or financial information (such as, but not limited to confidential insurance information), information regarding confidential business practices, training materials, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action (as the term is defined below), and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **Definitions.** As used in this Order, the following terms have the following meanings:

a.      "<u>Action</u>" refers to the case captioned above: *Fluor Corporation, et al. v. Resolute Management, Inc., et al.*, Case No. 8:21-cv-01907-JLS-KES.

b.      "<u>Material</u>" refers to Documents, Information, or any other tangible material or thing produced or presented in the Action, including all materials within the scope of Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, and all exhibits, evidence, or testimony used or given at trial, in depositions, or in other proceedings in the Action.

c.      "<u>Documents</u>" includes all Materials within the scope of Rule 34 of the Federal Rules of Civil Procedure.

d.      "<u>Information</u>" includes all Materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or at deposition; and any other means of presenting, producing, or revealing information.

e.      "<u>Producing Party</u>" or "<u>Designating Party</u>" refers to the Party or non-party producing Material and/or designating Material as Confidential, pursuant to the terms of this Order.

f.      "<u>Receiving Party</u>" refers to a Party or non-party (excepting the Court and its personnel) receiving or having access to Material, including but not limited to such Material designated pursuant to the terms of this Order.

g.      "<u>Confidential Information</u>" refers to Material designated as Confidential in accordance with this Order unless (i) the Designating Party has withdrawn the Confidential designation, or (ii) the Court determines that the Material does not constitute or contain Confidential information.

A party may only designate a Document, Information, or Material "Confidential" if it has a good-faith basis to believe that the Document, Information, or Material is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, Materials or other tangible things that are confidential,

proprietary, or commercially sensitive business or financial information, settlement discussions, trade secrets, Confidential Health Information as defined herein, Protected Health Information as defined herein, Personally Identifiable Information as defined herein, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, a Producing Party may not designate as Confidential any Material that has been made publicly available or are publicly available through lawful means, including through unsealed court filings, public administrative dockets, and/or other similar means by which information was placed in the public domain, except where the Material was made public in violation of this Order or other unlawful means.

h. "<u>Confidential Health Information</u>" shall mean any patient health information protected by any state or federal law, including, but not limited to patient/insured/member medical records, patient/insured/member claims information, genetic testing, and other information that the parties reasonably believe might contain sensitive personal health information. The parties agree that any Confidential Health Information whether contained in documents produced in this Action or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

"Confidential Health Information" does not include any Material in which the Producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information," but a Producing Party may not redact information that is relevant to any claim or defense in the Action.

i.      "<u>Protected Health Information</u>" shall mean the definition of this term as set forth in 45 C.F.R. § 160.103, including but not limited to: health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual.   Protected Health Information also includes Information that contains the following identifiers of a patient/insured/member or of a relative or household member of a patient/insured/member:

      i.      Names;

      ii.     All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

      iii.    All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age to a level of detail greater than in years, and date of death;

      iv.    Telephone numbers;

      v.     Fax numbers;

      vi.    Electronic mail addresses;

      vii.   Social security numbers;

|   |   |   |
|---|---|---|
| 1 | viii. | Medical record numbers; |
| 2 | ix. | Health plan beneficiary numbers; |
| 3 | x. | Account numbers; |
| 4 | xi. | Certificate/license numbers; |
| 5 | xii. | Vehicle identifiers and serial numbers, including license |
| 6 |   | plate numbers; |
| 7 | xiii. | Device identifiers and serial numbers; |
| 8 | xiv. | Web universal resource locators ("URLs"); |
| 9 | xv. | Internet protocol ("IP") address numbers; |
| 10 | xvi. | Biometric identifiers, including finger and voice prints; |
| 11 | xvii. | Full face photographic images and any comparable |
| 12 |   | images; |
| 13 | xviii. | Any other unique identifying number, characteristic, or |
| 14 |   | code; |
| 15 | xix. | Any other information that the Producing Party knows |
| 16 |   | could be used alone or in combination with other Protected |
| 17 |   | Health Information to identify an individual who is subject |
| 18 |   | of the information; and |
| 19 | xx. | Family health or social information. |

The Parties agree that any Protected Health Information whether contained in Materials produced in this Action or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

1.  "Personally Identifiable Information" shall include the following types of information:

|   |   |   |
|---|---|---|
| 25 | i. | Social security numbers; |
| 26 | ii. | Account numbers, including credit card and bank account |
| 27 |   | numbers; |
| 28 | iii. | Certificate/license numbers; |

iv.     Vehicle identifiers and serial numbers, including license plate numbers;

v.      Device identifiers and serial numbers;

vi.     Medical record numbers;

vii.    Health plan beneficiary numbers;

viii.   Web universal resource locators ("URLs");

ix.     Internet protocol ("IP") address numbers;

x.      Biometric identifiers, including finger and voice prints;

xi.     Full face photographic images and any comparable images; and

xii.    Any other unique identifying number, characteristic, or code.

The Parties agree that any Personally Identifiable Information whether contained in Materials produced in this Action or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Order.

b.      The Parties also seek to ensure that any person who receives and stores Confidential Health Information, Protected Health Information, or Personally Identifiable Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Confidential Health Information, Protected Health Information, or Personally Identifiable Information they may receive from any person in connection with this Action.

3.      **Re-Production of Materials from Other Litigation.**  To the extent that any Party reproduces documents from other litigation(s), all such documents clearly marked as being "Confidential," and subject to a protective order in such

litigation will be deemed designated as "Confidential" in the Action.  Provided, however, that the Parties shall meet and confer with respect to designations of re-productions where re-produced documents were previously produced and designated pursuant to a protective order setting forth different or inconsistent categories of protected information than those established by this Order.  For the avoidance of doubt, for purposes of reproductions, the Parties agree that the provisions of the respective protective orders entered in other litigations shall remain in full force and effect and shall in no way be superseded or nullified by the entry of this Order, except that no person shall assert or argue that production or use of such re-produced documents in the Action is a violation of any such prior protective orders because of any person not signing the confidentiality acknowledgement of such prior protective orders if the person has signed the Exhibit A to this Order.  Notwithstanding the foregoing, a Receiving Party in this Action is permitted to use and access Confidential Information consistent with the use and access provisions of this Order.  Nothing within this paragraph shall prevent a party's ability to designate re-produced Material "Confidential" and subject to this Confidentiality Order's requirements on the basis that such Documents or Information constitute Confidential Health Information, Protected Health Information, or Personally Identifiable Information regardless of any designation or lack thereof in prior litigation, so long as such a designation is appropriate pursuant to this Confidentiality Order's requirements for such a designation.

4.   **Use of Confidential Information.** Material designated as Confidential shall be treated in accordance with this Order and shall not be disclosed, disseminated, or used for any purpose other than litigation and trial of the Action, such as, but not limited to, business, competitive, or legal purposes, absent the express written consent of the Producing Party or pursuant to order of the Court. Nothing in this Order shall restrict a Producing Party's ability to control, manage, or disseminate its own internal documents or information (*i.e.*, documents and

information that the Producing Party produced), even if such material is or would otherwise be designated as Confidential Information under this Order. Except as otherwise prohibited or restricted by applicable law, nothing in this Order limits the right of any Party to disclose or otherwise use any Material that a Party already possessed prior to its production or disclosure in the Action or that it obtained by proper means from other sources.

5.    **Access to Confidential Information.**    Access to Confidential Information shall be limited to:

a.    Judges, magistrate judges, court reporters, court personnel, videographers, and special masters in connection with the Action.

b.    The Parties and counsel of record for the Parties in the Action, including outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, in all cases only to the extent reasonably necessary to render professional services in the Action.

c.    Messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the Parties and counsel of record for the Parties in rendering professional services in the Action.

d.    The insurers or indemnitors of the Parties or any agents retained by the insurers or indemnitors, including independent claims management personnel.

e.    Subject to paragraph 6 below, witnesses and their counsel during depositions, hearings, and trial testimony in the Action, either during the deposition, hearing or trial or to the extent reasonably necessary to prepare such persons to testify.

f.    Subject to paragraph 6 below, consultants or experts retained for the purpose of assisting counsel of record for the Parties in the Action,

1    including consulting and testifying experts, jury/trial consultants, and mock

2    jurors or focus group members.

3            g.    Subject to paragraph 6 below, third party contractors retained for

4    the purpose of organizing, filing, coding, converting, storing, or retrieving

5    Material or maintaining database programs for handling Material for the

6    Action.

7            h.    Subject to paragraph 6 below, other persons with the express

8    written consent of the Producing Party or pursuant to Court order.

9       6.    **Signing Exhibit A to the Order.**  Before disclosing Confidential

10 Information to any person listed in paragraphs 5(e)-(h), the Party proposing such

11 disclosure must provide a copy of this Order to such person and such person must

12 fill out and sign the affirmation attached hereto as Exhibit A. The Party proposing

13 disclosure must retain a copy of the signed affirmation.  If the person to whom

14 disclosure is contemplated refuses to sign an affirmation and is a witness being

15 deposed or compelled to testify pursuant to a subpoena, notice, or other order of this

16 Court, then the Parties will work cooperatively to seek a ruling on the issue by the

17 Court prior to the person's scheduled testimony.  While awaiting a ruling on that

18 issue by the Court, no one may disclose Confidential Information to such person.

19       7.    **Filing Confidential Information with the Court.**  The Parties agree

20 to seek leave to file any Confidential Information under seal.  Any request to file

21 documents under seal must comply with the Federal Rules of Civil Procedure, the

22 Local Rule of the Central District of California 79-5, and any Standing Order or

23 instruction of any Judge currently assigned to the Action.  A Party that seeks to file

24 under seal any Protected Material must comply with Local Rule 79-5. Protected

25 Material may only be filed under seal pursuant to a court order authorizing the

26 sealing of the specific Protected Material at issue.  If a Party's request to file

27 Protected Material under seal is denied by the court, then the Receiving Party may

28 file the information in the public record unless otherwise instructed by the court.

8.     **Production of Confidential Information.**  With respect to documents that are produced in TIFF format, any designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" in the lower left corner of the document, so long as this designation does not obscure or conceal information contained in the document.  The addition of any designation pursuant to this Order shall not be deemed an alteration of the document. With respect to documents that are produced in native format, the designation shall be made by including the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the word "CONFIDENTIAL" in the file name of the native file as produced without otherwise altering the file name.  If a Party adds a designation to the file name for documents produced in native format, such addition will not be considered an alteration of the file.

9.     **Designation of Deposition Transcripts.**  A deposition transcript or portion thereof taken in the Action may be designated as Confidential pursuant to this Order.  A Party may designate appropriate portions of transcripts or deposition exhibits as Confidential until thirty (30) days after receipt of the final deposition transcript from the court reporter, excluding errata changes, by informing all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  Unless otherwise agreed, deposition transcripts and Documents, Information, things, or exhibits used at those depositions shall be treated as Confidential from the time of the deposition through the 30-calendar-day period following receipt of the final transcript from the court reporter, after which time, if no portion of the transcript is designated as Confidential the transcript shall be treated as non-confidential.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript or exhibits in its custody or control to

1    be appropriately marked and limit disclosure of that transcript or exhibits only as

2    permitted by this Order.

3        10.   **Contesting Designations.**   If any Party believes that any Material

4    designated as Confidential does not constitute Confidential Information, then that

5    Party (the "Challenging Party") may challenge the designation by sending notice to

6    counsel for the Designating Party in writing, identifying the challenged Material and

7    articulating the reason(s) for challenging the designation.   Any Party or Non-Party

8    may challenge a designation of confidentiality at any time that is consistent with the

9    Court's Scheduling Order.    The Challenging Party shall initiate the dispute

10   resolution process under Local Rule 37.1, *et seq*.  The Designating Party shall have

11   the burden of showing that the Material at issue is Confidential, and that the

12   designation is proper.  Pending resolution of the Parties' dispute over a designation,

13   the Materials in question shall be treated as originally designated by the Designating

14   Party.

15       11.   **Inadvertent Failure to Designate Material as Confidential.**   Any

16   Party that inadvertently fails to designate Material as Confidential shall have fifteen

17   (15) business days from the discovery of its oversight to correct its failure.  Such

18   failure shall be corrected by providing written notice to all Parties of the late

19   designation together with substitute versions of the inadvertently undesignated

20   Material with the intended designation applied.   Such notice shall be deemed to

21   apply to all copies of the inadvertently undesignated Material.  Upon receiving such

22   notice and substitute copies, the Receiving Parties shall make reasonable efforts to

23   retrieve any copies of the undesignated Material from any person to whom that

24   Material was provided and who would not be entitled to receive the Confidential

25   Information under this Order; provided, however, that any Party that received such

26   inadvertently undesignated Material shall have no liability for having received or

27   disclosed any Confidential Information contained within such Material prior to that

28   Material being designated as Confidential.  Within a reasonable time of receipt of

such notice, the Receiving Parties will mark and, if the Materials have been transmitted to others, request the recipients to mark the Materials and all copies "Confidential" and treat the document as Confidential Information under the terms of this Order, and subject to the Receiving Parties' right to challenge any such designation under the terms of this Order.   An inadvertent failure to designate Material as Confidential shall not, on its own, be deemed a waiver in whole or in part of the Producing Party's claimed designation, either as to the specific inadvertently undesignated Material or Material concerning the same or related subject matter.  This paragraph applies equally to any portions of a hearing or other proceeding before the Court that a Party inadvertently failed to designate as Confidential during that hearing or proceeding.

12. **No Waiver of Any Privilege Upon Production.**  The Parties agree that they do not intend to disclose in the course of discovery Materials that are subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity from disclosure, except as required under Fed. R. Civ. Proc. 26(b)(5), common law, and local rules, if any, pertaining to privilege logs. Consistent with and subject to Rules 502(d) and (e) of the Federal Rules of Evidence, inadvertent or mistaken production of Materials subject to work-product or attorney-client privilege shall not constitute a waiver of any privilege or protection in the Action or any other federal or state proceeding, provided that the Producing Party, within fourteen (14) calendar days of discovery of the inadvertent production of such Material, notifies all other Parties in writing of the production, identifies the Material that was produced (including the format and date of the production), and requests a "clawback" of such Material.  A Receiving Party is under a good faith obligation to promptly alert the Producing Party if Material that is produced, disclosed, exhibited, or communicated by a Producing Party appears to be privileged or protected either on its face or in light of facts known to the Receiving Party.  If the Producing Party claims that only a portion of a produced document is privileged or protected, the

Producing Party shall provide a new copy of the document with the allegedly privileged or protected portions redacted.  A Party receiving a clawback notice shall immediately and diligently act to destroy or return the Material identified in such notice, including all copies, and any notes or work product reflecting the contents of such Material, subject to the provision below regarding retaining the Material during a motion before the Court disputing a claim of privilege.  No use shall be made of such inadvertently produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.  A Receiving Party may, after receipt of the Producing Party's clawback notice and reasonable good faith meet and confer process, make a motion before the Court disputing the claim of privilege.  If a Receiving Party elects to file such a motion, that Receiving Party may retain possession of the Material that is the subject of that motion, as well as any notes or work product reflecting the content of such Material, pending resolution of the motion by the Court, but shall not use or further disclose such Material unless and until the Court grants the Receiving Party's motion.  If the Receiving Party's motion is denied, the Receiving Party shall promptly destroy or return such Material, including all copies, and any notes or work product reflecting the content of such Material.

13.    **Use of Confidential Information in Court.**  A Party may, subject to the Federal Rules of Evidence and any objections by the Producing Party, use Confidential Information in pretrial proceedings in this Action.  Prior to such Court proceedings, the Receiving Party wishing to use a Producing Party's Confidential Information in open Court may, but is not required, to raise procedures with a Producing Party concerning the instant Confidential Information in an attempt to reach resolution or suggested procedures for use of the Confidential Information in open Court.  If the Parties are unable to reach agreement, then prior to using, the Parties must raise the instant confidentiality issue with the Court for resolution

1  consistent with the Federal Rules of Civil Procedure and applicable Local Rules
2  about sealing practice and, if appropriate, ask that the courtroom be cleared. The
3  trial judge will determine all procedures to be used at trial.

4      14.  **Requests for Confidential Information.** If a Receiving Party receives
5  a discovery request, subpoena, order, or other form of legal process in a separate
6  action or matter that seeks production of the Confidential Information of a Producing
7  Party (a "Request"), then that Receiving Party must promptly provide notice of the
8  Request in writing to counsel for the Producing Party, together with a copy of the
9  Request. The Producing Party shall have thirty (30) calendar days after receiving
10  notice or such shorter period as may be provided in the subpoena to object to the
11  Receiving Party's production of the Producing Party's Confidential Information in
12  response to the Request. During that 30-calendar-day period, the Receiving Party
13  shall not, except to the extent required by applicable law or the subpoena, provide
14  or otherwise disclose the Producing Party's Confidential Information in response to
15  the Request. If the Producing Party objects to disclosure, then the Receiving Party
16  to whom the Request is directed shall not, except to the extent required by applicable
17  law or the subpoena, disclose the Producing Party's Confidential Information unless
18  directed to do so by the Producing Party or pursuant to order of a court of competent
19  authority.

20      15.  **Storage and Transmittal of Confidential Information.** To avoid
21  security risks inherent in certain current technologies and to facilitate compliance
22  with the terms of this Order, all persons with access to Confidential Information
23  (excepting the Court and its personnel) are prohibited from storing or transmitting
24  any Confidential Information in or via any online service (other than the firm or
25  corporate email system and/or secure file transfer system of a Party or counsel for a
26  Party) that is managed or maintained by any third party, other than a litigation
27  support service provider that uses (a) a secure document hosting facility, (b)
28  encrypted web enabled software, (c) secure sharing and collaboration among only

authorized users, and (d) does not employ public cloud computing services for client hosted data.  Notwithstanding the foregoing provisions of this paragraph, the Parties may temporarily store and/or transmit files with Confidential Information to persons authorized to receive Confidential Information as email attachments, via secure FTP, Dropbox, Box.com, and/or by way of a third party vendor that the Parties agree may be used for encrypted and secure domestic transmissions, provided that, for any such transmissions, the Parties shall take all reasonable steps to protect Confidential Information from being disclosed to unauthorized third parties.  The use of a third-party vendor may include short-term, incidental storage of files for the sole purpose of transmitting them, provided that the files are promptly deleted upon transmission. The parties may separately confer and agree in writing to make mutual accommodations under this paragraph.

16. **Materials Produced by a Non-Party**.  Any non-party who may be called upon to make discovery herein or to provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Order.  All Material designated by a non-party as Confidential will be treated in the same manner as any Confidential Information produced by the Parties.

17. **Termination of this Action.**  Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Receiving Parties in receipt of Confidential Information shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Information and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential Information from (i) disaster recovery or business continuity backups, (ii)  data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, (iv) material that is subject to legal hold obligations or commingled

with other such material and/or (v) material that is subject to document retention policies or any legal obligation to maintain records in claim files. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information, but such retained information shall continue to be treated in accordance with the Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

18. **Non-Waiver of Objections.** Neither this Order nor any of the provisions described herein shall operate as a waiver of any Party's right to object to the relevance, admissibility or discoverability of any Material, or to seek further protection from the Court before producing Material that a Party believes may not be adequately protected by the provisions of this Order, or to seek leave to refuse production of such Material.

19. **No Admissions or Prejudice.** Nothing in this Order, or any action taken in compliance with it, shall (a) operate as an admission against interest by any Party, (b) prejudice in any way the right of any Party to seek a determination that designated Materials should or must be disclosed, (c) prejudice in any way the right of a Party to seek a determination that any designated Materials are required to be disclosed, or (d) prejudice in any way the right of any Receiving Party to seek a determination that designated Materials were not properly designated. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.

1       20.   **Enforcement.**  This Order shall continue to be effective following

2   termination of the Action, and the Court shall retain jurisdiction with respect to this

3   Order for six months after the final judgment or dismissal of the Action.   For

4   purposes of enforcement and other matters related to this Order, each person given

5   access to designated Materials under this Order (excepting the Court and its

6   personnel) will be deemed to have agreed and will be subject to the jurisdiction of

7   this Court and to the jurisdiction of the state and federal courts where such person

8   received the Materials for purposes of enforcement.

9       21.   **Modification Permitted.**  This Order may be modified at any time by

10  the Court on its own motion or, for good cause shown, on motion of any Party or by

11  agreement of the Parties with the Court's approval.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**<u>AGREEMENT TO COMPLY</u> WITH STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

I, _____, hereby affirm that:

1. My address is _____.

2. My present occupation or job description is _____
_____.

3. I received a copy of the Stipulated Discovery Confidentiality Order ("Confidentiality Order")entered in the above-captioned action.

4. I carefully reviewed the provisions of the Confidentiality Order and understand those provisions.

5. I will comply with all of the provisions of the Confidentiality Order.

6. In particular, I will hold in confidence any Confidential Information I receive in connection with the above-captioned action and will not further disclose or disseminate any such information, except as permitted under the Confidentiality Order. I will only use any Confidential Information I receive as necessary in connection with the above-captioned action and as permitted under the Confidentiality Order, and not for any other purpose.

7. I hereby submit to the jurisdiction of the Court in the above-captioned action for the purpose of enforcement of this agreement.

1  Dated:  March 25, 2022                    Respectfully submitted,

2

3                                            LATHAM & WATKINS LLP

4

5                                            By: */s/ John M. Wilson*
                                                John M. Wilson
6                                               Brook B. Roberts
                                                12670 High Bluff Drive
7                                               San Diego, CA 92130
                                                Telephone: (858) 523-5400
8                                               Email: John.Wilson@lw.com
                                                       Brook.Roberts@lw.com
9
                                                Melissa Hyson Dejoie (SBN 308014)
10                                              LATHAM & WATKINS LLP
11                                              10250 Constellation Blvd, Suite 1100
                                                Los Angeles, CA 90067
12                                              Telephone: (424) 653-5500
13                                              Facsimile: (424) 653-5501
                                                Email: melissa.dejoie@lw.com
14
                                                Alexander Paul Rothschild (SBN 704521)
15                                              (*Admitted Pro Hac Vice*)
16                                              LATHAM & WATKINS LLP
                                                200 Clarendon Street
17                                              Boston, MA 02116
                                                Telephone: (617) 948-6000
18                                              Facsimile: (617) 948-6001
19                                              Email: alex.rothschild@lw.com

20
                                                *Attorneys for Plaintiffs FLUOR*
21                                              *CORPORATION, FLUOR ENTERPRISES,*
                                                *INC., MIDDLE EAST FLUOR*
22

23

24                                           NICOLAIDES FINK THORPE
25                                           MICHAELIDES SULLIVAN LLP

26                                           By: */s/ Sara M. Thorpe*
27                                              Sara M. Thorpe
                                                sthorpe@nicolaidesllp.com
28                                              B. Natalie Vu

1    nvu@ nicolaidesllp.com
2    626 Wilshire Boulevard, Suite 1000
     Los Angeles, CA 90017
3    Telephone: (213) 402-1245
4    Facsimile: (213) 402-1246

5    *Attorneys for Defendants and*
6    *Counterclaimants AIU INSURANCE*
     *COMPANY; GRANITE STATE*
7    *INSURANCE COMPANY; NATIONAL*
8    *UNION FIRE INSURANCE COMPANY*
     *OF PITTSBURGH, PA.; THE*
9    *INSURANCE COMPANY OF THE STATE*
10   *OF PENNSYLVANIA*

11

12   MINTZ LEVIN COHN FERRIS
     GLOVSKY AND POPEO P.C.
13

14   By: */s/ Matthew Novian*
15   Matthew Novian
     mjnovian@mintz.com
16   Century Plaza Towers 2029 Century Park
     East Suite 3100
17   Los Angeles, CA 90067
18   Telephone: (310) 586-3200
     Facsimile: (310) 586-3202
19

20   Suman Chakraborty (*Admitted Pro Hac*
     *Vice*)
21   schakraborty@mintz.com
22   MINTZ LEVIN COHN FERRIS
     GLOVSKY AND POPEO P.C.
23   666 Third Avenue
24   New York, NY 10017
     Telephone: 212 692 6739
25   Facsimile: 212 983-3115
26

27   *Attorneys For Defendant,*
     *RESOLUTE MANAGEMENT INC.*
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

STIPULATED DISCOVERY
CONFIDENTIALITY ORDER

1        All signatories listed, and on whose behalf the filing is submitted, concur in

2  the filing's content and have authorized the filing.

3

4  Dated:  March 25, 2022          LATHAM & WATKINS LLP

5

6                           */s/ John M. Wilson*

7                           John M. Wilson

8  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

9

10  DATED:  03/28/2022

11

12

13  Hon. Karen E. Scott

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28